# United States Court of Appeals for the Fifth Circuit

———————

No. 22-50278
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kior Dejay Goodley,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-269-1

———————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Kior Dejay Goodley appeals his conviction for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. He challenges the denial of his motion to withdraw his guilty plea.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50278

Once a district court accepts a guilty plea, the defendant has no absolute right to withdraw it. *See* Fed. R. Crim. P. 11(d); *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). A district court may grant a motion to withdraw a guilty plea upon a showing of "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant. *Powell*, 354 F.3d at 370. This inquiry requires consideration of the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

Goodley has not shown that the district court clearly erred by finding that the *Carr* factors weigh against withdrawal. *United States v. McKnight*, 570 F.3d 641, 648-49 (5th Cir. 2009). For this reason, he fails to show that the district court abused its discretion by denying his motion to withdraw his guilty plea. *Powell*, 354 F.3d at 370. Accordingly, the judgment of the district court is AFFIRMED.

Although the judgment correctly states that Goodley was convicted under, inter alia, 21 U.S.C. § 841(b)(1)(C), the judgment incorrectly describes an offense as involving "50 grams or more of" actual methamphetamine. In light of this clerical error, we REMAND the case to the district court for the limited purpose of correcting the judgment to amend the nature of the offense for count one. Fed. R. Crim. P. 36.